

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONNIE MURPHY<br>12000 East Breese Road<br>Lima, Ohio 45806, | :<br>:<br>: |
| Plaintiff, | : CASE NO. |
| v. | : JUDGE JUDGE ZOUHARY |
| PRECISION THERMOPLASTIC<br>  COMPONENTS, INC.<br>c/o Randall E. Carter<br>Rural Route 1<br>Waynesfield, Ohio 45896 | :<br>:<br>:<br>:<br>: |
| Defendant. | : |

06CV2704

## COMPLAINT
(w/ Jury Demand Endorsed Hereon)

NOW COMES Plaintiff Connie Murphy and proffers this Complaint for damages against Defendant Precision Thermoplastic Components, Inc.

### PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is an Ohio corporation with facilities in Allen County, Ohio.

### JURISDICTION AND VENUE

3. Counts I, II and III are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Counts IV, V, VI and VII utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Allen County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was continuously employed by Defendant, with a brief period of layoff in 2001, from 1997 until her discharge on January 23, 2006

6. During many periods of Plaintiff's employment from November 15, 2000 through the end of her employment, Plaintiff was paid in a manner unequal to similarly-situated substantially younger male counterparts.

7. When Plaintiff was called back from layoff in September of 2001, she was returned at an hourly rate of $7.00, and not the $10.00 per hour that she was making at the time she was laid off.

8. When similarly-situated substantially younger male counterparts of Plaintiff were called back from the 2001 layoff, they were returned at the hourly rate they had been working for at the time of their layoff.

9. In terms of assignments, promotions and/or transfers from November 15, 2000 through the end of her employment, Plaintiff was treated worse than similarly-situated substantially younger male counterparts.

10. In many supervisory positions held by Plaintiff at different times during the period from November 15, 2000, through the end of her employment, Plaintiff was paid at a lower rate than similarly-situated male counterparts, and was often supplanted by, or transferred to less desirable shifts in favor of substantially younger males.

11. In January of 2006 Plaintiff was demoted after being accused of supervising the manufacture of product that was defectively produced. As to this accusation:

2

    a. Defendant did not attempt to investigate and actually determine if Plaintiff's shift and line had produced the defective product;

    b. it was more likely than not that the shift and line supervised by Rich Layman, a similarly-situated substantially younger male supervisor, had produced the defective product; and.

    c. Plaintiff was the supervisor that actually caught and corrected the problem that caused the defect in the product.

12. On January 20, 2006, Plaintiff's counsel sent a letter to Defendant's Randy Carter discussing all of the issues set forth in ¶¶6-11 above.

13. On January 23, 2006, Carter called Plaintiff into his office. He waved the letter that Plaintiff's counsel had written at Plaintiff, and angrily told her that he had received a letter from her lawyer, and that she was fired.

14. On April 7, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") only, and not the Ohio Civil Rights Commission, alleging age discrimination, sex discrimination. and retaliation.

15. On October 19, 2006, Plaintiff received a Right to Sue letter from the EEOC regarding her Charge of Discrimination. A copy of said Right to Sue is attached.

## COUNT I
## SEX DISCRIMINATION
## 42 U.S.C. §2000e et seq.

16. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-15 above as if fully rewritten here.

17. Plaintiff is an "employee" as defined by 42 U.S.C. §2000e(d).

3

18. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b).

19. In its actions described in ¶¶6-11, above Defendant has discriminated against Plaintiff on the basis of her sex, female, in violation of 42 U.S.C. §2000e-2(a).

20. Defendant's violations of 42 U.S.C. §2000e-2(a) entitle Plaintiff, pursuant to 42 U.S.C. §2000e-5 and 42 U.S.C. §1981, to monetary damages which include back pay and benefits, compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay.

### COUNT II
### AGE DISCRIMINATION
### 29 U.S.C. §623 et seq.

21. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-20 above as if fully rewritten here.

22. Plaintiff is an "employee" as defined by 42 U.S.C. §630(f).

23. Defendant is an "employer" as defined by 42 U.S.C. §630(b).

24. In its actions described in ¶¶6-11, above Defendant has discriminated against Plaintiff on the basis of her age, in violation of 29 U.S.C. §623(a).

25. Defendant's violations of 42 U.S.C. §623(a) entitle Plaintiff, pursuant to 29 U.S.C. §626(b), to monetary damages which include back pay, liquidated damages, attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $200,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT III
## SEX DISCRIMINATION
## O.R.C. §4112.01 et seq.

26. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-25 above as if fully rewritten here.

27. Plaintiff is an "employee" as defined by O.R.C. §4112.01(A)(3).

28. Defendant is an "employer" as defined by O.R.C. §4112.01(A)(2).

29. Defendant discriminated against Plaintiff in the manner described in ¶¶6-11 above due to her sex, female.

30. Defendant's violation of O.R.C. §4112.01 et seq., pursuant to O.R.C. §4112.99, entitles Plaintiff to damages including back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $300,000.00, and the equitable remedy of reinstatement and/or front pay.

## COUNT IV
## AGE DISCRIMINATION
## O.R.C. §4112.14

31. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-30 above as if fully rewritten here.

32. Plaintiff's date of birth was July 14, 1947.

33. Defendant discriminated against Plaintiff in the manner described in ¶¶6-11 above due to her age.

34. Defendant's violation of O.R.C. §4112.14, entitles Plaintiff to damages including back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an

5

amount to be determined at trial. but in any event not less than $300,000.00, and the equitable remedy of reinstatement and/or front pay.

## COUNT V
## WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY

35. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-34 above as if fully rewritten here.

36. The State of Ohio has a public policy against discharging an employee:

   a. due to her good faith complaints about unlawful employment practices; and,

   b. due to an employee's utilization of the assistance of legal counsel.

37. Discharge of an individual under circumstances such as those involved in Defendant's discharge of Plaintiff would jeopardize one or more of the public policies set forth in ¶36 above.

38. The motivation and determining factor in Defendant's adverse employment actions and ultimate discharge of Plaintiff was its opposition to one or more of the public policies set forth in ¶36 above.

39. Defendant had no overriding business justification for discharging Plaintiff sufficient to overcome either of the public policies set forth in ¶36 above.

40. Defendant's wrongful discharge of Plaintiff entitles Plaintiff to compensatory damages. punitive damages, and attorneys fees and the costs of bringing this action. in an amount to be determined at trial. but in any event not less than $500,000.00.

## COUNT VI
## RETALIATION FOR OPPOSING UNLAWFUL PRACTICES
## 42 U.S.C. 2000e-3

41. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-40 above as if fully rewritten here.

42. Defendant retaliated against Plaintiff for her good faith complaints regarding gender discrimination by discharging her from employment.

43. Defendant's violations of 42 U.S.C. §2000e-3(a) entitle Plaintiff, pursuant to 42 U.S.C. §2000e-5 and 42 U.S.C. §1981, to monetary damages which include back pay and benefits, compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT VII
## RETALIATION FOR OPPOSING UNLAWFUL PRACTICES
## O.R.C. 4112.02(I)

44. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-43 above as if fully rewritten here.

45. Defendant retaliated against Plaintiff for her good faith complaints regarding gender and/or age discrimination by discharging her from employment.

46. Defendant's violation of O.R.C. §4112.02(I), pursuant to O.R.C. §4112.99, entitles Plaintiff to damages including back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $300,000.00, and the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands.

for Count I, monetary damages which include back pay and benefits, compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation. in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay;

for Count II. monetary damages which include back pay and benefits. liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $200,000.00, as well as the equitable remedy of reinstatement and/or front pay;

for Count III. monetary damages which include back pay and benefits, compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation. in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay:

for Count IV, monetary damages which include back pay and benefits, compensatory damages. punitive damages and attorneys fees and costs of bringing this litigation. in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay;

for Count V. compensatory damages, punitive damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $500,000.00;

for Count VI. monetary damages which include back pay and benefits. compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation. in a amount

to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay; and,

for Count VII, monetary damages which include back pay and benefits, compensatory damages, punitive damages and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $300,000.00, as well as the equitable remedy of reinstatement and/or front pay.

### JURY DEMAND

Plaintiff demands a jury to determine liability on all counts of this Complaint.

Respectfully Submitted,

Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Gary A. Reeve (0064872)
Laren E. Knoll (0070594)
Patrick M. Watts (0075099)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050